IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRAD TAYLOR, INC., An Illinois Corporation;<br><br>    Plaintiff,<br><br>  vs.<br><br>UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation;<br><br>    Defendant. | **8:20-CV-297**<br><br>**MEMORANDUM AND ORDER** |

## I.  INTRODUCTION

This case involves the alleged breach of several maintenance contracts entered into between Brad Taylor, Inc. ("BTI") and Union Pacific Railroad Company ("Union Pacific"). *See generally* Filing 1. It comes before the Court on Union Pacific's partial Motion to Dismiss for failure to state a claim. Filing 8. For the reasons stated herein, the Court denies Union Pacific's motion.

## II.  BACKGROUND

Plaintiff, BTI, is an Illinois corporation with its principal place of business in Naperville, Illinois. Filing 1 at 1. Defendant, Union Pacific, is a Delaware corporation with its principal place of business in Omaha, Nebraska. Filing 1 at 1. Starting in 2018, BTI entered into various contracts with Union Pacific to perform snow removal, brush-cutting, and herbicide spraying in several states. Filing 1 at 2-3. BTI alleges that Union Pacific moved up the contractual date for herbicide spraying in Texas from March to February, then breached the spraying agreement by hiring another company in February to perform the work. Filing 1 at 3-4. BTI also alleges that Union Pacific breached the snow removal and mowing agreements around the same time. Filing 1 at 4, 5. BTI

alleges that as a result of the termination of these agreements, it suffered damages for unpaid work. Filing 1 at 4. It also claims it suffered "irreparable damage to its relationships with lenders, employees, chemical suppliers, equipment providers, and [its] credit" as well as "loss of anticipated revenue . . . which Plaintiff BTI would have earned and realized had the Defendant not breached." Filing 1 at 4.

Union Pacific filed a motion to dismiss. Filing 8. Union Pacific argues that the contracts in question gave it the right to terminate the agreements without cause and it therefore cannot be liable for breach of contract merely for having ended the contracts. Filing 9 at 4-6. Union Pacific also argues that the contracts specifically barred the recovery of damages for lost future profits and reputational damages and that BTI's claims for these damages should therefore be dismissed. Filing 9 at 6-9.

In support of its Motion to Dismiss, Union Pacific attached excerpts from four of the contracts in question,[1] which all contain similarly worded paragraphs entitled "TERMINATION." Filing 10-2 at 1; Filing 10-3 at 1; Filing 10-4 at 1. The termination clauses state in relevant part that Union Pacific "may terminate this Agreement at any time during the Term, without cause, by providing Supplier thirty (30) days written notice of its intent to terminate." Filing 10-2 at 1; Filing 10-3 at 1; Filing 10-4 at 1; Filing 10-5 at 1. However, it goes on to state that if Union Pacific does terminate the contracts, its "sole obligation to [BTI] shall be to pay for Work properly performed in accordance with the terms herein to [Union Pacific]'s satisfaction through the date of termination." Filing 10-2 at 1; Filing 10-3 at 1; Filing 10-4 at 1; Filing 10-5 at 1.

---

[1] "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (citing *In re K–tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002)). Thus, the Court will consider the contract excerpts in deciding the present motion.

The agreements also contain a limitation-of-liability provision which states that Union Pacific will not be liable for "LOST PROFITS, EXEMPLARY, PUNITIVE, SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES OR THE LIKE." Filing 10-2 at 1; Filing 10-3 at 1; Filing 10-4 at 1; Filing 10-5 at 1.

### III.    ANALYSIS

#### A.  Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 192 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678).

#### B.  Breach-of-Contract Claim

Under Nebraska law, the elements of a contract are "the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Henriksen v. Gleason*, 263 Neb. 840, 847, 643 N.W.2d 652, 658 (2002) (citing *Phipps v. Skyview*

*Farms*, 259 Neb. 492, 610 N.W.2d 723 (2000)). Union Pacific argues BTI has failed to state a claim because the contracts in question allowed Union Pacific to terminate without cause so there was no breach and because the contracts barred the recovery of certain categories of damages which BTI seeks. The Court will address these two arguments in turn.

### 1. *Breach of Contract*

Union Pacific first argues that to the extent BTI argues it breached the contracts merely by terminating them without cause, BTI fails to state a valid claim. Filing 9 at 4-6. Union Pacific points to the contractual language which allowed it to terminate the agreements "without cause." Filing 9 at 5; Filing 10-1 at 1. The Court concludes that BTI has adequately pled breach-of-contract claims.

Union Pacific correctly points to case law stating that the exercise of a contractual right to terminate an agreement is not a breach of that agreement. *See, e.g.*, *Johnson Lakes Dev., Inc. v. Cent. Neb. Pub. Power & Irrigation Dist.*, 254 Neb. 418, 431, 576 N.W.2d 806, 815 (1998) ("[I]f a contract lawfully grants a party the right to unilaterally terminate the contractual relationship after partial performance, the exercise of that right in the manner specified is not a change, modification, abrogation, or annulment of the contract, but, rather, an action contemplated by and taken pursuant to the original agreement of the parties as embodied in their contract."). But Union Pacific's argument that its termination was within the terms of the contracts ignores the notice provision contained therein. In particular, Union Pacific could only terminate the contracts if it first provided thirty days' notice to BTI. BTI has pled that, with respect to the Texas spraying contract, Union Pacific moved up the date of the contract and hired a new company all in the same month of February 2020, thereby terminating the contract without giving the required thirty days' notice. Filing 1 at 3-4. Therefore, while Union Pacific did have a right to terminate the contract,

4

its actions still could have constituted a breach if it failed to provide the proper notice as BTI pleads. Accordingly, BTI has stated a claim with respect to breach of the spraying agreement.

With respect to the other agreements in dispute, BTI did not plead that Union Pacific failed to give adequate notice prior to terminating the contract, but it does plead that Union Pacific failed to pay it for past work done. This is also a breach of the contract because the same termination provision upon which Union Pacific relies states, "Upon termination, [Union Pacific]'s sole obligation to Supplier shall be to pay for Work properly performed . . . ." Filing 10-2 at 1. Thus, by alleging that Union Pacific failed to comply with this contractual provision, BTI has adequately stated a claim for breach of contract for the remaining contracts at issue. Whether BTI will ultimately be able to prove a breach or whether Union Pacific can refute the alleged lack of notice and failure to pay are questions for a different day. Union Pacific's motion to dismiss based on failure to state a breach-of-contract claim is denied.

### 2. *Types of Damages Requested*

Union Pacific next argues that BTI has failed to state a claim for breach of contract because it seeks, inter alia, lost-profit and reputational damages. Filing 9 at 6-9. Union Pacific argues these damages are expressly excluded by the contracts in question and that BTI's claims must therefore fail. Filing 9 at 6-9. The Court denies Union Pacific's motion.

Union Pacific's focus on the nature of damages which BTI seeks to recover is not the proper inquiry for the Court to address at this stage of the proceedings. Federal Rule of Civil Procedure 8(a) requires that a pleading state a claim for relief "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, it "may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Thus, "the demand for judgment is not considered part of the claim" and "the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to

a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) (quoting 5 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1255 at 508–09 (3d ed. 2004)). This is because "[t]he amount of damages to be recovered is based upon the proof, not the pleadings." *Id.* at 1108-09 (citing Fed. R. Civ. P. 54(c)). Accordingly, "a court may dismiss a complaint only if it is clear that *no* relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 1109 (emphasis added) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

Here, BTI has pled a viable theory of breach of contract showing that it could be entitled to damages based either on Union Pacific's failure to provide notice prior to terminating the spraying contract or its failure to pay BTI for work it completed at the time of termination. In fact, Union Pacific concedes BTI has adequately stated a claim for its breach-of-contract claim for allegedly unpaid amounts due under the contracts. Filing 9 at 6 n.4. While BTI ultimately may not be able to proceed with or prove it is entitled to all the damages it seeks because of the contractual language Union Pacific points to barring reputational and lost-profit damages, such a question is premature when examining the sufficiency of a complaint for Rule 12 purposes. *See Dingxi Longhai Dairy*, 635 F.3d at 1108-09. Accordingly, Union Pacific's motion to dismiss for failure to state a claim for damages is denied.

## IV.    CONCLUSION

For the foregoing reasons, Union Pacific's Motion to Dismiss for failure to state a claim is denied in its entirety. Accordingly,

IT IS ORDERED:

1.   Union Pacific Railroad Company's Motion to Dismiss, Filing 8, is denied.

Dated this 26th day of October, 2020.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge