**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| BRAD TAYLOR, INC., an Illinois Corporation, | ) )    8:20-cv-00297-BCB-MDN ) |
|     Plaintiff/Counter Defendant, | ) ) |
| vs. | ) ) |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) ) ) |
|     Defendant/Counter-Plaintiff | ) |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and upon the stipulation of all Parties, the Court hereby enters this Agreed Confidentiality and Protective Order (the "Order") to govern the protection of certain intellectual property and confidential, personal, proprietary, financial, and/or trade secret information, which may be produced or otherwise disclosed during the course of this litigation.

    1.    Certain documents and information of the Parties may be subject to discovery in the above-referenced action and may contain trade secrets, proprietary and/or financial and/or private information and data, or other confidential information.

    2.    These documents must be kept confidential in order to protect legitimate business interest and privacy rights of the Parties.

    3.    Good cause exists for entering this Order.

    4.    This Order governs the treatment of documents, tangible things, deposition testimony, deposition exhibits, interrogatory answers, other pre-trial testimony, responses to requests for admission and other written or oral, recorded, computerized, electronic or graphic

material designated confidential by a party in accordance with the procedures set forth in this Order.

## CONFIDENTIAL DEFINED

5.     In responding to requests for discovery in this action, the Parties may designate as "Confidential" or "Highly Confidential" any document, testimony, answers to interrogatories, documents produced to experts, expert reports, or other information or discovery material that they believe in good faith contains or discloses trade secrets, internal policies, procedures and operations, non-public customer, client or investor information, forecasts or strategies, analyses, appraisals, valuations or other non-public sensitive commercial, financial, private, and/or proprietary business or personal information. The designation shall be by written notice addressed to counsel for the party seeking discovery or access to discovery, identifying said material by reference to a "Bates Number," range of "Bates Numbers," or other identifying feature of the document and/or by affixing to the document or material the legend "Confidential" or "Highly Confidential" and identifying the specific portion of the document being designated. If the information is provided in electronic form, the individual documents should be labeled with electronic stamps or files containing such information may be labeled as including such information. All documents and material so designated and all information derived therefrom will be referred to in this Order as the "Confidential Discovery Material" and will be handled in strict accordance with the terms of this Order. The designation "Confidential" or "Highly Confidential" applies to all copies, excerpts, summaries or other disclosure of the substance or contents of the material. Additionally, for ease and efficiency of production, many of the records to be produced over the course of this litigation will be produced as they are/were kept in the

ordinary course of business. By producing such records, the producing party does not waive its right to object to the admissibility of such information.

6.  Depositions, hearings, or other pre-trial testimony, may be designated as Confidential or Highly Confidential as follows: (i) by a statement on the record of such testimony, by counsel, that such testimony or any portion thereof shall be treated as Confidential or Highly Confidential or (2) by written notice, sent by counsel to all Parties, and the court reporter(s) in attendance, within 7 business days after receiving a copy of the transcript of any such hearing or other pre-trial testimony, and within 20 days after receiving a copy of the transcript of any such deposition testimony, that such testimony, identified by the page(s) and line number(s), shall be treated as Confidential or Highly Confidential. The entire transcript shall be treated as Confidential or Highly Confidential until the applicable time period has lapsed. The designation of Confidential or Highly Confidential shall thereafter be prominently affixed to the original and all copies of each transcript page that contains Confidential Discovery Material. The Parties may modify this procedure for any particular deposition through agreement on the record or in writing prior or subsequent to the deposition without further Court order.

**LIMITATIONS ON USE OF CONFIDENTIAL DISCOVERY MATERIAL**

7.  The Parties agree that production of "Confidential Discovery Material" is not a waiver of a trade secret privilege.

8.  Confidential Discovery Material received in this action shall be used solely by the receiving party and solely for the purposes of this action. Confidential Discovery Material shall not be used by the receiving party for any purposes outside of this action, unless agreed to in writing by all Parties or as authorized by further order of the Court. This Order has no effect upon, and shall not apply to (i) any producing party's use of its own Confidential Discovery

Material for any purpose or (ii) any use of documents or other information obtained or developed independently of discovery in this action.

### INADVERTENT PRODUCTION OF CONFIDENTIAL DISCOVERY MATERIAL

9. Inadvertent production of Confidential Discovery Material not properly designated shall not itself be deemed a waiver of a party's claim of confidentiality. Either party may, within 7 business days following production or within 7 business days of the discovery of the inadvertent production (whichever period is later), designate documents produced Confidential or Highly Confidential. Disclosure by any party of Confidential Discovery Material prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made shall be immediately notified that the material disclosed was Confidential or Highly Confidential and must be treated in accordance with this Order thereafter, including execution of Exhibit A as described in paragraph 10.

### DISCLOSURE OF MATERIAL DESIGNATED CONFIDENTIAL

10. Except with the prior written consent of the party who produced a confidential document, no Confidential Discovery Material or any document marked Confidential or otherwise properly designated as Confidential, and no information contained therein, may be disclosed to any person other than:

    a. Attorneys, including in-house counsel, for the party or parties;

    b. Secretaries, paralegals and other employees of attorneys who are actively engaged in the preparation of this action;

    c. Independent document reproduction services or document recording and retrieval services, provided they execute the Confidentiality Agreement which

appears in Exhibit A to this Order, which Agreements shall be maintained by the party retaining them;

d. Mediators appointed by the Court or agreed to by the Parties, provided they execute the Confidentiality Agreement which appears in Exhibit A to this Order. If a mediator is provided Confidential Discovery Material, the mediator must return all copies to the party producing the same at the conclusion of the mediation;

e. Independent consultants and/or experts specifically retained for the purpose of consulting in the preparation of and/or testifying in this action, provided they execute the Confidentiality Agreement which appears in Exhibit A to this Order, which Agreements shall be maintained by the party retaining them;

f. Parties to this action, including directors, officers, managing agents, and employees of any party to this action who are actively involved in the conduct of this litigation if and to the extent reasonably necessary for the prosecution or defense of this litigation, provided they execute the Confidentiality Agreement which appears in Exhibit A to this Order, which Agreements shall be maintained by the party retaining them;

g. The Court, including the jury, at any stage in this action under such safeguards as the Court may require;

h. Court reporters actually recording proceedings in this action; and

i. Individuals already privy to the Confidential Discovery Material prior to the initiation of this lawsuit for purposes of explaining or testifying about the information contained in the Confidential Discovery Material.

**DISCLOSURE OF MATERIAL DESIGNATED HIGHLY CONFIDENTIAL**

11.     Highly Confidential information shall include information that the disclosing party, in good faith, reasonably believes and contends is of so sensitive a nature that if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and that includes as a major portion subject matter believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties, such that disclosure to the opposing side on a confidential basis is not sufficient to protect the information. Such information shall include, but not be limited to, trade secrets, non-public financial, sales or marketing information, business plans and strategies, or customer information.

12.     All of the provisions set forth in the Order that apply to materials designated as Confidential shall also apply to material designated Highly Confidential; however, access to documents, information, and other things designated Highly Confidential shall not be given to individuals identified in paragraph 10(f), except for the Parties' in-house counsel and secretaries, paralegals and other employees of the Parties' in-house counsel who are actively engaged in the preparation of this action, except by written agreement of all Parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

13.     Nothing shall be regarded as Highly Confidential information if it is information that, without any restriction on its use or disclosure, either: (i) is demonstrably properly in the public domain at the time of the disclosure; (ii) properly becomes a part of the public domain through no fault of the other party; (iii) the receiving party can show that the information was properly in its possession at the time of disclosure; and (iv) the receiving party properly receives

such information at a later date from a third party who is not subject to nor asserts a restriction as to disclosure.

## USE OF CONFIDENTIAL DISCOVERY MATERIAL

14. For applications and motions to the Court in which a party submits Confidential Discovery Material:

> a. In the event a party wishes to use any documents designated Confidential or Highly Confidential in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party (and consent shall not be unreasonably withheld), file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.
>
> b. Any document or transcript designated as Confidential or Highly Confidential which is lodged or filed with the Court shall be maintained under seal by the Court and shall be made available only to the Court and to counsel for the Parties, until further order of the Court.
>
> c. Should it become necessary to include the Confidential or Highly Confidential documents and/or transcripts in a record on appeal, the Parties shall work together to effect the proper procedures to ensure all Confidential and Highly Confidential documents and/or transcripts are included in the record, by obtaining a court order to seal the documents. Should the Court deny the motion to seal, however, the record will be supplemented with unsealed copies of the

Confidential and Highly Confidential documents that were previously filed pursuant to paragraph (a) of this section.

15. Upon failure of the filing party or nonparty to designate information as Confidential or Highly Confidential properly and file such information in accordance with this Order, the party or nonparty affected by such disclosure may do so within 7 business days of learning of the defective filing. Notice of such designation shall be given to all Parties and the nonparty who produced the Confidential Discovery Material. The Parties also agree that Confidential Discovery Material may be offered in evidence at trial or any Court hearing.

### OBJECTING TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL DESIGNATION

16. The opposing party may object to a designation of Confidential Discovery Material. The objection to such designation must be made in writing identifying the Bates number of the documents. Once an objection to the designation of Confidential Discovery Material is made by a party, the party making the designation has 7 business days to respond to the objecting party including either justification for the designation or withdraw of the designation. If the designating party does not respond or the objecting party believes the designation is improper after the 7 business day period has expired may file a motion requesting a judicial determination as to the confidential nature of the material. The disputed material will remain Confidential or Highly Confidential for purposes of this Order pending an order from the Court on the related motion for protective order.

### EXCLUSION FROM DEPOSITION

17. Whenever any documents, information or other things designated as Highly Confidential are to be discussed or disclosed in a deposition, any party claiming such

confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as Highly Confidential.

## PROCEDURE UPON FINAL DISPOSITION

18. Upon the final disposition of this case, each person who has received Confidential Discovery Material pursuant to this Order shall promptly return to the producing person all information the producing person designated Confidential or Highly Confidential, all copies made thereof, and all information derived therefrom. In lieu of returning such information, a person may destroy the Confidential Discovery Material and certify such destruction to the producing person by affidavit. However, the counsel of record for a party may retain a file copy of any document filed with the Court, any expert reports containing Confidential Discovery Material, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto, which shall remain subject to this Order.

19. This Protective Order shall continue to bind the Parties and all persons who have had access to Confidential Discovery Material unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court or made on the record at deposition or in Court. This Order will survive and remain in full force and effect after the conclusion of the litigation.

SIGNED this 6th day of January, 2021.

_____
Michael D. Nelson
United States Magistrate Judge

**AGREED**:

Respectfully submitted,

_/s/ David M. Newman_
Karen M. Keeler,  #25069
David M. Newman,  #24549
1400 Douglas Street, STOP 1580
Omaha, NE  68179
Telephone:  (402) 544-3060
Email:  KMKeeler@up.com
            DMNewman@up.com
Counsel for Defendant

_/s/ William J. Hale_
Joel M. Carney,  #21922
William J. Hale,  #26179
Goosmann Law Firm, PLC
17838 Burke Street, Suite 250
Omaha, NE  68144
Telephone:  (402) 280-7648
Email:  CarneyJ@GoosmannLaw.com
            HaleW@GoosmannLaw.com
Counsel for Plaintiff

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| BRAD TAYLOR, INC., an Illinois Corporation, | ) ) ) | 8:20-cv-00297-BCB-MDN |
| Plaintiff/Counter Defendant, | ) ) ) | |
| vs. | ) ) ) | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) ) ) | |
| Defendant/Counter-Plaintiff | ) | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the Parties in the above-captioned case. I understand that the information is subject to the terms of a Protective Order. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of said Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order that I am provided or obtain (which includes any notes or other record that I make of such material) must not be disclosed to others, except as provided for by the express terms of the Protective Order and under the terms set forth therein.

_____
Signature

_____
Print Name

_____
Company

_____
Date